UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JIM SOCTOMAH, ADMINISTRATOR       :
FOR THE ESTATE OF ELLA DRIVER,    :
    Plaintiff,                    :
                                  :
v.                                :   C.A. No. 12-667S
                                  :
UNITED STATES OF AMERICA,         :
    Defendant.                    :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

**I.    BACKGROUND**

*Pro se* Plaintiff Jim Soctomah, as the Administrator for the Estate of Ella Driver, filed this wrongful death action arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, based on the alleged failure to screen for colorectal cancer. Plaintiff sued Defendants U.S. Department of Health and Human Services ("HHS"), Narragansett Indian Health Center and Dr. Thomas Warcup. On May 14, 2013, the United States filed a Notice of Substitution, substituting the United States as the proper defendant.[1]

Mrs. Driver died on September 19, 2008, when she was fifty-three years old. At the time of the filing of the Complaint four years later[2] on September 20, 2012, Plaintiff styled himself as the "Administrator" of her Estate, though his pleading provided no indication whether he had

---

[1] Narragansett Indian Health Center is a tribally-operated facility under Title I of the Indian Self-Determination and Education Assistance Act, Pub. L. No. 93-638, § 1017, 88 Stat. 2203 (1975), and is party to a Self-Determination Contract with the HHS Indian Health Service. Pursuant to 25 U.S.C. § 450f(d), tribal organizations and Indian contractors are deemed part of the Public Health Service ("PHS") in HHS. As an employee of the NIHC, Dr. Warcup is deemed to be an employee of the PHS under 42 U.S.C. § 233(a) and is an employee of the government, as defined at 28 U.S.C. § 2679. Plaintiff's exclusive remedy for a tort claim against an employee of the United States is an action against the United States under FTCA. 28 U.S.C. § 2679.

[2] An issue not raised by the Amended Motion to Dismiss, but which Plaintiff will likely have to address if this case proceeds, is the FTCA two year statute of limitations, 28 U.S.C. § 2401(b). See generally Donahue v. United States, 634 F.3d 615, 623-30 (1st Cir. 2011) (describing operation of statute of limitations in FTCA death case).

any relationship to Mrs. Driver, who were her heirs or whether he had complied with the FTCA requirement of pre-litigation presentation of the claim to the appropriate federal agency, 28 U.S.C. § 2675(a). After his *in forma pauperis* status was approved, a lengthy delay in affecting service and a single thirty-day extension granted to the United States for its response, on June 13, 2013, the United States filed its first Motion to Dismiss based on evidence from the local Probate Court record, which revealed that Plaintiff was a mere "Voluntary Administrator."[3] The Motion argued that Plaintiff lacked standing to bring this wrongful death claim.

Plaintiff sought two successive extensions, which this Court granted, resulting in a further delay of two more months. ECF Nos. 10, 11. Finally, on August 21, 2013, Plaintiff filed an Administration Petition with the Probate Court of the Town of South Kingstown seeking appointment, together with Paasheshau Driver, as Co-Administrators of the Estate of Mrs. Driver. In support of the Petition they identified themselves as her children. Plaintiff sought a third extension on September 9, 2013, which was granted, making Plaintiff's response due November 3, 2013. ECF No. 12. On October 17, 2013, the Probate Court appointed them as Co-Administrators. Despite his appointment, Plaintiff ignored the deadline for his response. Finally, facing a show cause order from the Court, on November 13, 2013, he filed a response to the United States' Motion to Dismiss to which he attached a letter dated November 4, 2013, from the Probate Court stating that he and Paasheshau Driver qualified as the Co-Administrators of the Estate of Ella Driver. As a result of these delays, more than a year had passed since the filing of the action and more than five years had passed since Mrs. Driver's death.

---

[3] Pursuant to the Rhode Island probate scheme, a "voluntary administrator" is allowed to administer estates consisting entirely of personal property not exceeding $15,000 in value without formal court approval or posting of a bond with adequate surety. R.I. Gen. Laws § 33-24-1. A voluntary administrator may not bring a wrongful death claim. Id.; see Marco v. Green, 615 N.E.2d 928, 932 (Mass. 1993); Cherry v. Hillside Manor Rehab. & Extended Care, No. 06-CV-3296 (NG), 2008 WL 2559378, at *5 (E.D.N.Y. June 23, 2008).

The United States responded with an Amended Motion to Dismiss on November 18, 2013, based on the well-settled principle that the administrator of an estate may not proceed *pro se*. ECF No. 14. That motion has been referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Since then, Plaintiff has continued the pattern of delay: he failed to respond to the Amended Motion to Dismiss and ignored a text order issued on December 12, 2013, requiring him to file an appearance of counsel within forty-five days. One day after that period had run out, Plaintiff filed yet another motion for an extension to respond to the text order. That motion was referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A); it has been denied.

## II.     ANALYSIS

Title 28, United States Code, Section 1654 authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel," but the right to appear *pro se* is limited to those parties conducting "their own cases" and does not apply to persons representing the interests of others. See Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) (per curiam) (affirming district court's dismissal of plaintiff's complaint under Rule 12(b)(6) because plaintiff, as administratrix of the estate and not a lawyer, not permitted to proceed *pro se* on behalf of estate). Whether framed as a motion to dismiss for failure to state a claim or based on lack of standing, courts routinely dispose of such cases once it is clear that the non-lawyer purports to act in a representational capacity. See, e.g., McCain v. Episcopal Hosp., 350 F. App'x 602, 604-05 (3d Cir. 2009) (per curiam) (dismissing appeal because plaintiff is administrator of estate and cannot litigate claims on behalf of estate *pro se*); Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) (holding that administrator of estate proceeding *pro se*, who was not the only beneficiary of estate, "may not engage in the practice of law on

behalf of others"); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("an administr[ator] or execut[or] of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant"); Nordberg v. Town of Charlton, Civil Action No. 11-40206-FDS, 2012 WL 2990763, at *4 (D. Mass. July 19, 2012) ("The estate of a decedent is a separate legal entity from an individual plaintiff. Thus, even if a plaintiff is the executor of an estate or is otherwise authorized to pursue a decedent's legal claim, he may not do so *pro se*.").

Here, Plaintiff is proceeding *pro se* as the Co-Administrator on behalf of the Estate of Mrs. Driver. The Probate Court record makes clear that he is only one of five children of Mrs. Driver, all of whom are potential heirs. ECF No. 14-2 at 2, 4. Accordingly, he is clearly acting not just for himself but in a representational capacity on behalf of others. Further, there is no indication that Plaintiff is a lawyer, and he does not appear on this Court's list of admitted attorneys. As a non-lawyer, he may not proceed *pro se* on behalf of Mrs. Driver's estate, including its beneficiaries, heirs and creditors. Based on his failure to arrange for the entry of an attorney, I recommend that the case be dismissed without prejudice.

In making this recommendation (and in denying Plaintiff's most recent motion for extension), I considered carefully how to balance the Court's sympathy for the plight of a family member seeking recovery for the death of a beloved mother, Donahue, 634 F.3d at 629, coupled with the liberality customarily afforded to *pro se* litigants, Estelle v. Gamble, 429 U.S. 97, 106 (1976), against Plaintiff's endless delays and repeated disregard for this Court's deadlines. In doing so, I am mindful not only that this case may well founder because of the delay in filing it as a result of the two year FTCA statute of limitations, 28 U.S.C. § 2401(b),[4] but also that Plaintiff's

---

[4] See Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 30 (1st Cir. 2006) (no jurisdiction to review FTCA claim based on wrongful death because plaintiff did not exhaust administrative remedies and waited more than three years to file complaint after accrual of cause of action).

repeated delays are likely to adversely affect the United States as the mere passage of time can become prejudicial in a case where the survival of records and the memories of witnesses are essential to mount a defense.  See Turner v. Lopez, Civil Action No. 3:13-872, 2013 WL 5603260, at *4-5 (M.D. Pa. Oct. 10, 2013) (plaintiff's failure to litigate or comply with court orders prejudices medical malpractice defendants due to inevitable loss of evidence and dimming of memories).  After the many delays caused by Plaintiff's abuse of the many opportunities provided to him by the Court to get his case onto a proper footing, that balance now tips in favor of the United States.  Accordingly, I will not brook further delay and recommend that the case be dismissed without prejudice.

### III.  CONCLUSION

Because Plaintiff cannot proceed *pro se* with a wrongful death action as the administrator of the estate, when he is not its sole beneficiary, heir and creditor, this case must be dismissed. Because Plaintiff has engaged in inordinate delay, I have denied his Motion for yet another extension to engage counsel.  Effectively, he still has at least until the time for the filing of objections to this Report and Recommendation to arrange for the entry of an appearance of a lawyer.  If he has not done so, I recommend that Defendant United States' Amended Motion to Dismiss (ECF No. 14) be GRANTED and that this case be dismissed without prejudice.

Any objection to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 6, 2014